US Bank N.A. v Jones-Boakai
2026 NY Slip Op 03019
May 13, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

US Bank National Association, etc., appellant,
v
Joyce Jones-Boakai, respondent, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 13, 2026
2024-02939, (Index No. 20273/09)
Francesca E. Connolly, J.P.
Cheryl E. Chambers
Helen Voutsinas
Elena Goldberg Velazquez, JJ.

Goodwin Procter LLP, New York, NY (Allison J. Schoenthal and Richard A. Sillett of counsel), for appellant.
Brooklyn Legal Services, Brooklyn, NY (Jenny Eisenberg of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated January 22, 2024. The order denied the plaintiff's motion, in effect, pursuant to CPLR 2221(a) to vacate an order of the same court dated July 16, 2013, sua sponte, directing dismissal of the complaint as abandoned pursuant to CPLR 3215(c), and to restore the action to the active calendar.
ORDERED that the order dated January 22, 2024, is reversed, on the law, with costs, and the plaintiff's motion, in effect, pursuant to CPLR 2221(a) to vacate the order dated July 16, 2013, and to restore the action to the active calendar is granted.
In August 2009, the plaintiff commenced this action to foreclose a mortgage on certain real property located in Brooklyn against, among others, the defendant Joyce Jones-Boakai (hereinafter the defendant). The defendant interposed an answer to the complaint. In an order dated July 16, 2013, the Supreme Court, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c) (hereinafter the dismissal order). In February 2016, the plaintiff commenced another action to foreclose the mortgage (hereinafter the 2016 action) (see U.S. Bank N.A. v Jones-Boakai, ___ AD3d ___ [Appellate Division Docket No. 2024-04475; decided herewith]).
In December 2023, the plaintiff moved in this action, in effect, pursuant to CPLR 2221(a) to vacate the dismissal order and to restore the action to the active calendar. The defendant opposed the motion. In an order dated January 22, 2024, the Supreme Court denied the motion. The plaintiff appeals.
The Supreme Court should have granted the plaintiff's motion, in effect, pursuant to CPLR 2221(a) to vacate the dismissal order and to restore the action to the active calendar. A motion pursuant to CPLR 2221(a) is not subject to any specific time limitation (see Wells Fargo Bank, N.A. v Wint, 235 AD3d 701, 703; Deutsche Bank Natl. Trust Co. v Campbell, 219 AD3d 701, 702). Where, as here, an order directing dismissal of a complaint is not appealable as of right because it did not decide a motion made on notice, it is procedurally proper for the aggrieved party to move pursuant to CPLR 2221(a) to vacate that order (see Deutsche Bank Natl. Trust Co. v [*2]Campbell, 219 AD3d at 702).
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed" (see Wells Fargo Bank, N.A. v Wint, 235 AD3d at 702; Deutsche Bank Natl. Trust Co. v Campbell, 219 AD3d at 703). Here, CPLR 3215(c) is not applicable to the defendant under the circumstances of this case, as she appeared in the action by answer (see Bank of Am., N.A. v Sofer, 192 AD3d 652, 653; US Bank N.A. v Juliano, 184 AD3d 597, 600; Myers v Slutsky, 139 AD2d 709, 710). "Further, this action does not present an extraordinary circumstance as would warrant a sua sponte dismissal of the complaint" (Wells Fargo Bank, N.A. v St. Louis, 229 AD3d 116, 125).
Under the circumstances of this case, we reject the defendant's contention that the plaintiff abandoned this action by, inter alia, commencing the 2016 action (see Deutsche Bank Natl. Trust Co. v Campbell, 219 AD3d at 703; Deutsche Bank Natl. Trust Co. v Lamarre, 211 AD3d 811, 813; Bank of Am., N.A. v Ali, 202 AD3d 726, 728). The defendant's contention regarding RPAPL 1301(3) is improperly raised for the first time on appeal (see South Point, Inc. v John, 230 AD3d 825, 827).
Accordingly, the Supreme Court should have granted the plaintiff's motion, in effect, pursuant to CPLR 2221(a) to vacate the dismissal order and to restore the action to the active calendar.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court